UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Case No. 4:05CR00230 SNL (AGF) |
| DERRICK RIVERS, | ) ) ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the Court on the pretrial motion to sever filed by Defendant, Derrick Rivers. Pretrial matters were referred to the undersigned United States Magistrate Judge under 28 U.S.C. § 636(b). A hearing was held on September 2, 2005. The government was represented by Assistant United States Attorney James C. Delworth. Defendant was present and represented by his attorney, Robert S. Adler. At that time, Defendant waived his right to file any evidentiary motions, but was given leave to file a motion to sever. Defendant filed a motion to sever on September 13, 2005 (Doc. #145), and the government thereafter filed a response, after which the matter was taken under submission. Trial is scheduled for October 31, 2005.

**Motion to Sever**

Defendant Rivers is charged with seven other defendants with conspiracy to distribute and possess with intent to distribute in excess of one kilogram of heroin, in

violation of 21 U.S.C. §§ 841(a)(1) and 846. As set forth by the government in its opposition to Defendant's motion (Doc. #151):

> The discovery presented to the defense reflects that co-defendant Adams supplied defendant Rivers as well as co-defendants Purtty and Brown with heroin that was supplied to Adams by co-defendant Cruz Arreola facilitated through co-defendants Sanchez-Tovar and Arreola. This was corroborated through Title III wiretaps including intercepted conversations between defendant Rivers and co-defendant Adams.

Defendant has filed a motion to sever, requesting that his case be tried separately from that of the co-defendants. Defendant asserts that a severance is required under Rule 14, Fed. R. Crim. P., because (i) the majority of the evidence and intercepted telephone calls relates to the co-defendants; (ii) some electronic evidence includes conversations by co-defendants regarding Defendant, and without a severance Defendant cannot call the co-defendants or cross-examine them; (iii) his defense may be dependant on the testimony of co-defendants; (iv) inculpatory statements may have been made by co-defendants to investigating officers that would not be admissible against Defendant in a separate trial; and (v) if some or all of the co-defendants elect to testify, Defendant would be forced to testify.

"When a defendant moves for a severance, the [Court] must first determine whether joinder is proper under Federal Rules of Criminal Procedure 8. If joinder is proper, the Court still has discretion to order a severance under Federal Rules of Criminal Procedure 14." United States v. Darden, 70 F.3d 1507, 1526 (8th Cir. 1995). These rules are to be liberally construed in favor of joinder. Id.

Here, Defendant does not assert that joinder is improper. Nevertheless, Rule 14, Fed. R. Crim. P., provides that a defendant's trial may be severed from the trial of co-defendants "[i]f it appears that a defendant or the government is prejudiced by a joinder." Fed. R. Crim. P. Rule 14. "When joinder is proper under Rule 8, the defendant seeking a severance has the burden to demonstrate how the joint trial prejudiced his or her right to a fair trial." Darden, 70 F.3d at 1527. "There is a preference in the federal system for joint trial of defendants who are indicted together." Zafiro v. United States, 506 U.S. 534, 537 (1993). Severance is to be granted only if there is a "serious risk that a joint trial would compromise a specific trial right of a properly joined defendant or prevent the jury from making a reliable judgment about guilt or innocence." Id. at 539. "Rarely, if ever, will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir.), cert. denied, 502 U.S. 813 (1991); United States v. Drew, 894 F.2d 965, 968 (8th Cir.), cert. denied, 494 U.S. 1089 (1990).

Further, "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." Zafiro, 506 U.S. at 540. See also Layton v. South Dakota, 918 F.2d 739, 744 (8th Cir. 1990), cert. denied, 499 U.S. 953 (1991). Severance is not to be granted merely because co-defendants have conflicting defenses. Zafiro, 506 U.S. at 538. See also United States v. Garrett, 961 F.2d 743, 746 (8th Cir. 1992) (the fact that each defendant has his or her own personal interest at stake is not a sufficient ground to require separate trials). Instead, the moving defendant must make a showing that a jury would be unable to compartmentalize

3

evidence as it relates to each defendant.  Id.  Likewise, severance is not required if the evidence against a co-defendant is more damaging, United States v. Pou, 953 F.2d 363, 369 (8th Cir.), cert. denied, 504 U.S. 363 (1992); if the defendant's role in the conspiracy is minor, United States v. Pecina, 956 F.2d 186, 188 (1992); or if all of the evidence will not be admissible against all co-defendants, United States v. Sparks, 949 F.2d 1023, 1027 (8th Cir. 1991), cert. denied, 504 U.S. 927 (1992).

Here, Defendant has failed to demonstrate that the jury would not be able to compartmentalize the evidence against Defendant, and as such, his arguments regarding the quantum of evidence fail.  Severance "is not required 'simply' because the evidence against one defendant is more damaging than the evidence against another," or "because evidence may be admissible as to one defendant but not as to another."  United States v. Roach, 28 F.3d 729, 738 (8th Cir. 1994) (interim quotations omitted).  Defendant's general allegations of prejudice are not a sufficient basis on which to sever his case for trial.  See id. (affirming denial of severance to co-defendant who failed to identify any evidence that would not have been admitted had she been tried alone).

Defendant further asserts that severance is necessary to permit him to call co-defendants in his defense, which he asserts he cannot do if the defendants are tried together.  In order to support his request for severance on this ground, Defendant must show that 1) he would call a co-defendant as a witness at a separate trial; 2) the co-defendant would testify at this trial; and 3) the testimony of the co-defendant would be exculpatory.  United States v. Voss, 787 F.2d 393, 401 (8th Cir.), cert. denied, 479 U.S.

4

888 (1986). Defendant has failed to meet any of these requirements. See Darden, 70 F.3d at 1527 (no abuse of discretion in denial of severance requested on grounds that movant was deprived of co-defendant's testimony, noting that the movant must show that the unavailable testimony would be substantially exculpatory); United States v. Oakie, 12 F.3d 1436, 1441 (8th Cir. 1993) (co-defendant's testimony must be "substantially exculpatory"; it is not enough that the testimony would "tend to contradict a few details of the government's case"). Furthermore, one of the co-defendants has already scheduled a change of plea, it is likely that by the time of trial, the charges with respect to one or more of the remaining co-defendants will have been resolved.

Nor do Defendant's arguments regarding the conversations or statements of co-defendants provide a basis for severance under Bruton v. United States, 391 U.S. 123 (1968). The government has asserted that any references to Defendant in any statements by co-defendants post-arrest will be redacted, consistent with Richardson v. March, 481 U.S. 200 (1987). Moreover, any statements of coconspirators made during the course of the conspiracy would be admissible against Defendant, even in a separate trial, under FRE Rule 801(d)(2)(E).

For the above reasons, Defendant's motion to sever should be denied without prejudice to Defendant reasserting his request prior to trial if Defendant is able, at that time, to make the proper showing that any such co-defendant would, indeed, offer substantially exculpatory testimony or that the government intended to offer the statements of co-defendants that would violate Bruton.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Severance [Doc. No. 145] be **denied, without prejudice**.

The parties are advised that they have ten (10) days in which to file written objections to this report and recommendation pursuant to 28 U.S.C. §636(b)(1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. See Thompson v. Nix, 897 F.2d 356 (8th Cir.1990).

/s/ Audrey G. Fleissig
AUDREY G. FLEISSIG
United States Magistrate Judge

Dated this 5th day of October, 2005.